■ In the Matter of the Claim of GEORGE RADO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that he was not totally unemployed, that he made willful misrepresentations to obtain benefits and further determined that claimant had been overpaid, which payment was declared recoverable. Prior to and during the periods for which claimant filed for benefits, he was the organizer, sole stockholder and president of a landscaping firm known as Able Lawn and Landscaping Service, Inc. Although he was employed on a seasonal basis for another firm, the record shows he performed substantial and important services for his own corporation including solicitation of business, management and general operation of the business. In addition, it appears that the income from his corporation rose from $2,700 during the first year for which he applied for benefits to an estimated $6,000 during the next year, for which he applied for benefits. Claimant, in filing for benefits, replied in the negative to a question as to whether he was an officer or stockholder in any corporation and as to whether he was self-employed. A footnote on the questionnaire defined self-employed as " Do you do any work that brings you income or may bring income in the future? " In circumstances such as these, corporate officers are not totally unemployed during periods of seasonal inactivity (*Matter of Reitman* [*Catherwood*], 27 A D 2d 678; *Matter of Vasquenz* [*Catherwood*], 26 A D 2d 859; *Matter of Newman* [*Catherwood*], 24 A D 2d 1042). The board's findings that claimant was not totally unemployed and that he willfully made false statements to obtain benefits, are substantiated by the record. These factual determinations made by the board will not be disturbed (Labor Law, § 623; *Matter of Martino* [*Catherwood*], 24 A D 2d 772). The determination that the overpayment made and penalty imposed are likewise substantiated (Labor Law, § 594; *Matter of Marder* [*Catherwood*], 16 A D 2d 303; *Matter of Bailey* [*Catherwood*], 18 A D 2d 727). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.